**VICTOR N. PIPPINS**
California Bar No. 251953
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Victor_Pippins@fd.org

Attorneys for Mr. Rodriguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 08CR0992-H |
| Plaintiff, | )<br>) | |
| v. | )<br>) | STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF MOTIONS |
| **RUBEN RODRIGUEZ** , | )<br>) | |
| Defendant. | )<br>) | |

**I.**

**STATEMENT OF FACTS**

According to the information provided by the government, a man identified as Ruben Rodriguez made application into the United States from Mexico through the San Ysidro, California Port of Entry at 7:08 p.m. on March 13, 2008. The man identified as Mr. Rodriguez was allegedly unable to provide any valid entry or identification documents, and as a result, was directed to secondary inspection. After further investigation at secondary inspection, Mr. Rodriguez was placed under arrest for violation of Title 8, United States Code section 1326.

On April 1, 2008, Mr. Rodriguez appeared in front of United States Magistrate Judge Leo S. Papas for a preliminary hearing. At that hearing, the charges against Mr. Rodriguez were dismissed without prejudice. An order was signed ordering Mr. Rodriguez released, but he was re-arrested immediately upon that release.

1  Also on April 1, 2008, and indictment was handed down charging Ruben Rodriguez with a violation

2  of Title 8, United States Code, section 1326.  A not guilty plea was entered.

3                                                    **I.**

4                    **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

5       Mr. Rodriguez  moves for the production of the following discovery.  This request is not limited to

6  those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody,

7  control, care, or knowledge of any "closely related investigative [or other] agencies."  See United States v.

8  Bryan, 868 F.2d 1032 (9th Cir. 1989).

9       To date, ***defense counsel has received 83  pages of discovery***. Mr. Rodriguez  respectfully requests

10  that the Government be ordered to produce discovery because Mr. Rodriguez has reason to believe that he

11  has not received all the discoverable material in his case.  Ms. Rodriguez **specifically requests production**

12  **of a copy of the taped proceedings and any and all documents memorializing the deportation**

13  **proceeding allegedly held  and any other proceedings that the Government intends to rely upon at**

14  **trial**.  This request includes discovery of materials known to the Government attorney, as well as discovery

15  of materials which the Government attorney may become aware of through the exercise of due diligence.

16  See FED. R. CRIM. P. 16.

17       Mr. Rodriguez has also not received a full copy of his A-file.  Mr. Rodriguez specifically requests

18  the documents memorializing the alleged deportation proceedings and any other proceedings that the

19  Government intends to rely upon at trial.

20       Mr. Rodriguez additionally requests that the Court order the Government to allow him the

21  opportunity to review his A-file in its entirety.  First, the A-file contains documentation concerning his

22  alleged deportation.  Part of Mr. Rodriguez defense may be that his underlying deportation was invalid.  The

23  documents in the A-file would help illuminate the validity or futility of such a defense.  For example, A-file

24  documents typically contain biographical information.  Such information is essential to determining whether

25  Mr. Rodriguez deportation was invalid.

26       Second, the Government will likely try to show at trial that a Government officer searched the A-file

27  and did not find an application by Mr. Rodriguez for permission to enter the United States.  Mr. Rodriguez

28  anticipates that the Government will attempt to admit a "Certificate of Non-Existence of Record" against

1    him,  arguing that if Mr. Rodriguez  had ever applied for permission to enter the United States, such an

2    application would be found in the A-file and because such an application is not in the A-file, Mr. Rodriguez

3    must not have applied for permission to enter the United States.

4          Although the certificate might be admissible, the question of the thoroughness of the search

5    conducted by the Government of the A-file  is, and should be, open to cross-examination.  United States v.

6    Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation.").  Mr. Rodriguez

7    should be able to review his A-file in order to see whether any application for lawful admission exists.

8    Moreover, Mr. Rodriguez should also be able to verify whether other documents that would ordinarily be

9    in the A-file are "non-existent," or otherwise missing from her A-file. Mr. Rodriguez  may assert a defense

10   that his application for lawful entry was lost or otherwise misplaced by the Government.  He must be

11   allowed the opportunity to review his A-file and the manner in which it is being maintained by the

12   Government in order to present this defense.

13                                             **IV.**

14                    **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

15         *Mr. Rodriguez has received 80 pages of discovery.* He has not however received any audiotapes of

16   his deportation proceeding as well as a photocopy of the A-file. As information comes to light, due to the

17   government providing additional discovery in response to these motions or an order of this Court,

18   Mr. Rodriguez may find it necessary to file further motions.  It is, therefore, requested that Mr. Rodriguez

19   be allowed the opportunity to file further motions based upon information gained through the discovery

20   process. Specifically, because Mr. Rodriguez's collateral attack on the underlying deportations relies on the

21   audiotapes of the deportation proceedings, he requests the opportunity to file further briefing to support his

22   collateral attack once he has been provided an opportunity to listen to the proceedings.

23   //

24   //

25   //

26   //

27   //

28   //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VIII.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Rodriguez respectfully requests that the Court grant the above motions.

Respectfully submitted,

*s/ Victor N. Pippins*

Dated: May 1, 2008                 **VICTOR N. PIPPINS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rodriguez

08CR-0992-H