```
KAREN P. HEWITT
United States Attorney
PAUL S. COOK
Assistant U. S. Attorney
California Bar No. 79010
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5687
pcook@usdoj.gov
```

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No.  08CR0992-H |
|---|---|---|
| Plaintiff, | ) | DATE: May 12, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | |
| RUBEN RODRIGUEZ, | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS: |
| Defendant. | ) | (1)  TO COMPEL DISCOVERY |
| | ) | (2)  FOR LEAVE TO FILE FURTHER MOTIONS |
| | ) | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS |

The United States of America, by its counsel, Karen P. Hewitt, United States Attorney, and Paul S. Cook, Assistant United States Attorney, hereby responds to and opposes Defendants' above-captioned Motions.  This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.  The Government also hereby files its motion for reciprocal discovery and fingerprint exemplars.

**I**
**STATEMENT OF FACTS**

On Thursday, March 13, 2008 at 7:08 p.m., Defendant made application for admission into the United States from Mexico at the pedestrian lanes at San Ysidro, California Port of Entry (POE). He falsely claimed he was a United States citizen going to San Diego. He did not present any immigration or identification documents to the CBP Officer, but maintained that he was an American citizen. Defendant was escorted to the secondary area where a check of his fingerprints revealed that he was a deported alien who had been administratively removed from the United States on July 31, 1998, January 10, 2002, and December 8, 2005. Defendant invoked his right to remain silent.

Defendant was most recently ordered deported by an Immigration Judge in Tacoma, Washington, on March 6, 2008. Defendant has prior convictions for two counts of 8 U.S.C. § 1325 in 1999, and one count of 8 U.S.C. § 1326 in 2003, both in the District of Oregon.

**II**
**THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS**

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules. The United States has provided Defendants with 80 pages of discovery including: the arrest reports, the Defendant's criminal history; a CD of Defendant's interview; and immigration documents relevant to his deportations. Regarding some of the

specific requests made by the Defendant which are not covered by the above acknowledgment, the United States responds as follows:

### 1. A-File and Deportation Tape

The United States opposes Defendant's request to inspect and receive a complete copy the entire Alien Registration File ("A-File") associated with Defendant, since the A-File is not Rule 16 discoverable information. The Government has produced and will continue to produce relevant immigration documents from the Defendant's A-File. However, the A-File also contains information that is not discoverable, such as internal government documents and witness statements. (See Fed. R. Crim. P. 16(a)(2)). The United States will produce documents it intends to use in its case-in-chief. A fishing expedition through the A-file is not warranted. Evidence is material under Brady only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. See United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). Defendant has not specified which documents in the A-File are material, and to which he is entitled.

The Government will provide Defendant a copy of his March 6, 2008, Deportation Hearing tape.

## III
## LEAVE TO FILE FURTHER MOTIONS

The Government has no objection to this motion.

## IV
## THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

The discovery provided to Defendants, at their request, includes documents and objects which are discoverable under Rule 16(a)(1)(E).

Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which Defendant intends to use in the Defendant's case-in-chief. See Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendants'. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

## V
## MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United

States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

**VI**
**CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery and fingerprint exemplars be granted.

Date: May 6, 2008.

                              Respectfully submitted,

                              KAREN P. HEWITT
                              United States Attorney

                              s/Paul S. Cook
                              PAUL S. COOK
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr0992-H |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| RUBEN RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Victor Pippins

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2008.

                                            s/Paul S. Cook

                                            PAUL S. COOK