**VICTOR N. PIPPINS**
California Bar No. 251953
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Victor_Pippins@fd.org

Attorneys for Mr. Ruben Rodriguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 08CR0992-H |
| Plaintiff, ) | |
| v. ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |
| **RUBEN RODRIGUEZ**, ) | |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**

According to information provided by the government, which Mr. Rodriguez does not adopt and reserves the right to challenge, he made application for entry at the San Ysidro Port of Entry through the pedestrian lanes on March 13, 2008 at approximately 7:08 p.m. Mr. Rodriguez was unable to provide valid entry documents and was escorted to secondary inspection by Customs and Border Protection Officer Alfonso Ortiz. A records check showed that Mr. Rodriguez had previously been removed from the United States, and he was arrested for violation of Title 8 United States Code, Section 1326. Upon being advised of his <u>Miranda</u> rights, Mr. Rodriguez elected to remain silent.

On March 14, 2008, a complaint was filed in the District Court for the Southern District of the United States, charging Mr. Rodriguez with violation of Title 8, United States Code, section 1326. On April

//

1, 2008, Magistrate Judge Leo S. Papas granted the government's motion to dismiss the complaint without prejudice.

Immediately upon his release from custody, Mr. Rodriguez was re-arrested by the United States Marshal's Service for being a Deported Alien Found in the United States. On March 13, 2008, and indictment was handed down in this case, charging Mr. Rodriguez with violation of Title 8, United States Code, Section 1326(a) and (b). A not guilty plea was entered on his behalf.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Mr. Rodriguez moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

To date, *defense counsel has received 147 pages of discovery*. Mr. Rodriguez respectfully requests that the Government be ordered to continue to produce discovery  This request includes discovery of materials known to the Government attorney, as well as discovery of materials which the Government attorney may become aware of through the exercise of due diligence. See FED. R. CRIM. P. 16.

## III.

## THE INDICTMENT MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE A SPECIFIC, POST-CONVICTION DATE OF REMOVAL

The Fifth Amendment requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . ." Consistent with this Constitutional requirement, the Supreme Court has held that an indictment must "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Carll, 105 U.S. 611, 612-13 (1881). It is black letter law that an indictment that does not allege an element of an offense, even an implied element, is defective, and should be dismissed. See, e.g., Russell v. United States, 369 U.S. 749, 769-72 (1962); Stirone v. United States, 361 U.S. 212, 218-19 (1960); United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999); United States v. Keith, 605 F.2d 462, 464 (9th Cir. 1979).

1  The 9th Circuit has recently held that an indictment alleging a violation of 8 U.S.C. §1326 must allege both "the dates of a previous felony conviction and of a previous removal from the United States, subsequent to that conviction." United States v. Salazar-Lopez, 506 F.3d 748, 749-750 (9th Cir. 2007). In Salazar-Lopez, the indictment charged the defendant with a violation of § 1326 but "did not allege that Salazar-Lopez had been previously removed subsequent to a felony conviction, nor did it allege a specific date for Salazar-Lopez's prior removal." Id. at 750. The 9th Circuit unequivocally held that the indictment "required" an allegation that the defendant "had been removed on a specific, post-conviction date." Id. at 751.

Here, the indictment fails to allege that Mr. Rodriguez "had been removed on a specific, post conviction date." Instead, the indictment only says that Mr. Rodriguez "was removed from the United States subsequent to June 17, 2003." The indictment completely fails to mention Mr. Rodriguez's prior conviction and a specific date of deportation after that conviction. This is insufficient under Salazar-Lopez and therefore the indictment must be dismissed.

### IV.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

*Mr. Rodriguez has received 147 pages of discovery.* It is requested that Mr. Rodriguez be allowed the opportunity to file further motions based upon information gained through the discovery process.

### V.

### CONCLUSION

For the foregoing reasons, Mr. Rodriguez respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: August 8, 2008

*s/ Victor N. Pippins*
**VICTOR N. PIPPINS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rodriguez