KAREN P. HEWITT
United States Attorney
PAUL S. COOK
Assistant U. S. Attorney
California Bar No. 79010
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5687
pcook@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            )<br>         Plaintiff,  )<br>            )<br>    v.  )<br>            )<br>RUBEN RODRIGUEZ,  )<br>            )<br>            )<br>            )<br>         Defendant.  )<br>            )<br>            )<br>            )<br>            ) | Criminal Case No.  08CR0992-H<br><br>DATE: August 25, 2008<br>TIME: 2:00 p.m.<br><br><br><br>GOVERNMENT'S RESPONSE AND<br>OPPOSITION TO DEFENDANT'S<br>MOTIONS:<br><br>(1)  TO DISMISS INDICTMENT<br><br>TOGETHER WITH STATEMENT OF FACTS,<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES |

The United States of America, by its counsel, Karen P. Hewitt, United States Attorney, and Paul S. Cook, Assistant United States Attorney, hereby responds to and opposes Defendants' above-captioned Motions.  This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.  On May 6, 2008, the Government responded to Defendant's Discovery Motion and filed its motion for reciprocal discovery and fingerprint exemplars.

# I
# STATEMENT OF FACTS

On Thursday, March 13, 2008 at 7:08 p.m., Defendant made application for admission into the United States from Mexico at the pedestrian lanes at San Ysidro, California Port of Entry (POE). He falsely claimed he was a United States citizen going to San Diego. He did not present any immigration or identification documents to the CBP Officer, but maintained that he was an American citizen. Defendant was escorted to the secondary area where a check of his fingerprints revealed that he was a deported alien who had been administratively removed from the United States on July 31, 1998, January 10, 2002, and December 8, 2005. Defendant invoked his right to remain silent.

Defendant was most recently ordered deported by an Immigration Judge in Tacoma, Washington, on March 6, 2008. Defendant has prior immigration convictions for two counts of 8 U.S.C. § 1325 in 1999, and one count of 8 U.S.C. § 1326 in 2003, both in the District of Oregon. Defendant also has convictions in 1995 for Attempted Burglary; 1996 for Larceny; 1998 for Theft II; 1999 for DUI; 1999 for False Information to Police; 1999 for Theft II; and 2002 for Theft III.

# II
# THE INDICTMENT IS SUFFICIENT

Defendant argues that the indictment is defective in that it does not allege a specific deportation date or a temporal relationship of his removal to his prior felony conviction. Quite to the contrary, the Indictment alleges that the defendant "was removed from the United States subsequent to June 17, 2003." This date is subsequent to his felony convictions and prior to his "attempted entry" date of March

13, 2008, as charged in the Indictment. This complies with the requirements of <u>United States v. Covian-Sandoval</u>, 462 F.3d 1090, 1096-98 (9th Cir.2006), [holding that the *fact* of a prior conviction need not have been submitted to the jury, but the date of a prior removal (necessary to determine whether the removal had followed the conviction in time) must be admitted by the defendant or found by a jury]. See <u>U.S. v. Salazar-Lopez</u>, 506 F.3d 748 (9th Cir. 2007) (fact that defendant had been removed after his conviction, should have been alleged in the indictment and proved to the jury). Indeed, the Ninth Circuit recently held that a district court did not err by permitting the government to introduce evidence that defendant had been deported on two separate occasions where the evidence of each deportation was dissimilar, saying: "The government was entitled to introduce evidence of both deportations to hedge the risk that the jury may reject the offered proof of one deportation, but not the other." <u>United States v. Martinez-Rodriguez</u>, 472 F.3d 1087 (9th Cir. 2007).

All of Defendant's convictions were prior to the June 17, 2003 date alleged in the Indictment and he has two removals, December 8, 2005, and March 6, 2008, which are subsequent to this date. The Indictment is sufficient and Defendant's motion to dismiss should be denied.

Date: August 18, 2008.

                                          Respectfully submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          <u>s/Paul S. Cook</u>
                                          PAUL S. COOK
                                          Assistant United States Attorney

|     |     |     |
| --- | --- | --- |
| 1   | UNITED STATES DISTRICT COURT | |
| 2   | SOUTHERN DISTRICT OF CALIFORNIA | |

UNITED STATES OF AMERICA,       )     Case No. 08cr0992-H
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )     CERTIFICATE OF SERVICE
RUBEN RODRIGUEZ,                )
                                )
            Defendant.          )
_____)

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Victor Pippins

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2008.

<u>s/Paul S. Cook</u>

PAUL S. COOK